UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1983-DOC (RNBx)　　　　　　　　　Date: January 16, 2015

Title: MAC NGUYEN V. TROJAN CAPITAL INVESTMENTS, LLC, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Dwayne Roberts | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING EX PARTE APPLICATION RE. TRO, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED [23]

Before the Court is Plaintiff Mac Nguyen's ("Plaintiff" or "Nguyen") *Ex Parte* Application for a Temporary Restraining Order ("TRO"). After considering the application, and for the reasons set forth below, the Court hereby GRANTS Plaintiff's Application for a Temporary Restraining Order; Orders Defendants Trojan Capital Investment, LLC ("Trojan"), MTC Financial Inc. ("MTC"), and Special Default Services, Inc. ("SDS") ("Defendants") to SHOW CAUSE why a Preliminary Injunction should not issue.

**I.  Background**

Nguyen is a resident of 16185 Mount Baden Powell St. ("Property") in Fountain Valley, California. First Amended Compl ("FAC") (Dkt. 1-3). ¶ 1. Mr. Nguyen alleges that, until recently, he was current on his mortgage. *Id.*¶ 9.  Trojan Capital Investments,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1983-DOC (RNBx)　　　　　　　　　　　　　　　Date: January 16, 2015

Page 2

LLC, the second lien holder who is the assignee of the original Deed of Trust, informed him that he was delinquent in the sum of one payment of $1,100. *Id.* Defendant then instituted foreclosure. *Id.* ¶ 10, Ex. A. Plaintiff only learned of the sale of this property through registered mail from Defendant Special Default Services, and was allegedly denied all due process procedures afforded by the California Homeowners' Bill of Rights and California statutes. *See generally id.* The Notice of Default was recorded on April 29, 2014. FAC ¶ 11, Ex. B. The Notice of Trustee's Sale was recorded on July 31, 2014, and was continued on several occasions.

On November 14, 2014, Nguyen filed an action in Orange County Superior Court for violation of the California Homeowner Bill of Rights, Breach of Contract, Violations of the Real Estate Settlement Procedures Act (RESPA), and Violations of California's Unfair Competition Law. See Notice of Removal (Dkt. 1) Ex. A ("Compl."). The First Amended Complaint, naming the proper defendants, was filed on November 25. FAC.

On November 26, 2014, the Plaintiff filed in state court an Ex Parte Application Re: Temporary Restraining Order to prevent the foreclosure sale of his property from taking place. Notice of Removal, Ex. D. The Superior Court Granted the Ex Parte Application and issued a TRO and an Order to Show Cause why a Preliminary Injunction should Not Issue on November 26, 2014. *Id.* Ex. E. Defendants did not respond to the OSC. *Id.* Ex. M. A hearing was scheduled for December 16, 2014. On December 15, 2014, Defendant removed the action to Federal Court. The next day, the Plaintiff was informed of the removal. The Defendant filed a Motion to Dismiss on December 19, 2014, and noticed the motion for hearing on March 2, 2015. Dkt. 6.

Upon removal, the preliminary injunction in state court was denied without prejudice, and the TRO was dissolved. Pl. Decl. ¶ 10, Frank Decl. ¶ 13. Plaintiff attempted to obtain a bond in order to secure a TRO in Federal Court. He was initially unsuccessful, and Trojan conducted a foreclosure sale of his property on December 29, 2014. Application Ex. H (Foreclosure Profile Report). The property was sold to the first lender. *Id.*

Plaintiff now seeks an order for a TRO effective immediately, pending a preliminary injunction, to prohibit the sale of the Property to a third party purchaser.

## II.　　Legal Standard

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or temporary restraining orders in order to prevent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1983-DOC (RNBx)                                          Date: January 16, 2015

Page 3

"immediate and irreparable injury." Fed. R. Civ. P. 65(b). This equitable relief is within the discretion of the Court after balancing various factors. *Benda v. Grand Lodge of the Int'l Assoc. of Machinists & Aerospace Workers*, 584 F.2d 308, 314 (9th Cir. 1978). Traditionally, the "criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Dollar Rent A Car v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985); *see, e.g., Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005); *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).

Alternatively, the Court may grant temporary relief on a lesser showing of probable success. "If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975) (quoting *C. Tennant & Sons, Inc. v. N.Y. Terminal Conference*, 299 F. Supp. 796, 799 (S.D.N.Y. 1969)); s*ee Johnson*, 72 F.3d at 1430; *Benda,* 584 F.2d at 314. The burden may be met by demonstrating either "a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981); *see Sonoran* 408 F.3d at 1120 (explaining that "[t]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are . . . outer reaches of a single continuum." (citations omitted)); *Johnson,* 72 F.3d at 1430; *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 751, 752 (9th Cir. 1982); *Benda* 584 F.2d at 314.

Moreover, preliminary relief in the form of a temporary restraining order can be granted without notice when immediate and irreparable injury would result. Fed. R. Civ. P. 65(b). "*Ex parte* temporary restraining orders are no doubt necessary in certain circumstances but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S. Ct. 1113 (1974). When the requirements of Rule 65 are met and the applicant "sufficiently demonstrates the reason that notice should not be required," an *ex parte* temporary restraining order may be issued. *In re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) (internal quotation marks omitted) (noting this relief is particularly appropriate "when it is the sole method of preserving a state of affairs in which the court can provide effective final relief"). Moreover, if notice would "render fruitless further prosecution of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1983-DOC (RNBx)								Date: January 16, 2015

Page 4

the action," which is contrary to the intent of the Rule, notice is not necessary for the issuance of a temporary restraining order. *Id.* at 5; *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984); *see also Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 639 (S.D. Cal. 1999).

### III.   Analysis

The Ninth Circuit provides that "[i]f the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits." *William Inglis & Sons*, 526 F.2d at 88. The burden may be met by demonstrating either "a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Wright v. Rushen*, 642 F.2d at 1132.

Here, there is an indication that the Plaintiff may succeed on the merits. Plaintiff claims he did not receive adequate notice of the foreclosure sale under California law. Defendants allege in their Motion to Dismiss (Dkt. 6) that the Plaintiff has not shown that the Property is owner occupied, consistent with Cal. Civ. Code § 2924.14(a). Plaintiff, however, has provided evidence that the property is owner occupied. Nguyen Decl. ¶ 2. In addition, Section 2924e applies to all trustees/mortgagees encumbering a residence with a deed of trust not exceeding $300,000, not simply senior lienholder.

At this date it there are serious questions as to whether the Defendants in fact complied with the notice requirements laid out in the California Homeowner's Bill of Rights. Although the Defendant may have legitimate defenses, the serious harm that may result if the property is sold to a third party weighs in favor of the issuance of a TRO. If the property is sold, the Plaintiff may be permanently denied an opportunity to determine whether his rights were violated, and whether he is entitled to obtain a loan modification that meets the lender's approval. Further, in this instance, Defendants will not be significantly disadvantaged. Their position would not change if they are enjoined from selling the property to third party until an opportunity for a hearing on a preliminary injunction. Thus, a TRO would maintain the status quo and would prevent irreparable injury.

### IV.   Disposition

Accordingly, the Court GRANTS the Plaintiff's ex parte Application.

Defendants are hereby enjoined from the sale of the Property to a third party purchaser.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1983-DOC (RNBx)          Date: January 16, 2015

Page 5

       Defendants are further ORDERED TO SHOW CAUSE as to why Defendants should not be preliminarily enjoined, pending resolution of this action, from selling the Property to a third party purchaser. A hearing shall be held on **Friday, January 23, at 7:30 A.M**.

       Any response on the Order to Show Cause shall be filed no later than 5 pm on **January 21, 2015**.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                             Initials of Deputy Clerk
CIVIL-GEN